UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

CASSANDRA DEISINGER and
JESSICA DEISINGER
on behalf of themselves and all
others similarly situated,

Case No. 21-cv-107

Plaintiffs,

**COLLECTIVE AND CLASS
ACTION COMPLAINT
PURSUANT TO 29 U.S.C. §216(b)
AND FED. R. CIV. P. 23**

v.

FAMILY FOOT AND ANKLE CLINIC, LLC
5403 Normandy Street
Weston, Wisconsin 54476

**JURY TRIAL DEMANDED**

Defendant

---

## COMPLAINT

---

## PRELIMINARY STATEMENT

1.      This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL") and Fed. R. Civ. P. 23, by Plaintiffs, Cassandra Deisinger and Jessica Deisinger, on behalf of themselves and all other similarly situated current and former hourly-paid, non-exempt employees of Defendant, Family Foot and Ankle Clinic, LLC, for purposes of obtaining relief under the FLSA and WWPCL for unpaid wages, unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.      Defendant, Family Foot and Ankle Clinic, LLC, is a medical clinic headquartered in Weston, Wisconsin.

3.      Defendant operated (and continues to operate) an unlawful compensation system that deprived and failed to compensate all current and former hourly-paid, non-exempt employees for all hours worked and work performed each workweek, including at an overtime rate of pay, in violation of the FLSA and WWPCL.

4.      Defendant's failure to compensate its hourly paid, non-exempt employees for compensable work performed, including but not limited to at the correct and lawful overtime rate of pay, was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

6.      This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.*, Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant has substantial and systematic contacts, and regularly does business, in this District.

## PARTIES

8.      Defendant is a Weston, Wisconsin-based company with a principal office address of 5403 Normandy Street, Weston, Wisconsin 54476.

9.      For purposes of the FLSA, Defendant was an "employer" of "employees," Plaintiffs, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

10.     For purposes of the WWPCL, Defendant was an "employer" of Plaintiffs, and Plaintiffs were "employed" by Defendant, as those terms or variations thereof are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

11.     Plaintiff, Cassandra Deisinger, is an adult female resident of the State of Wisconsin residing at 300 Prosser Place, Apartment 59, Antigo, Wisconsin 54409.

12.     Plaintiff, Jessica Deisinger, is an adult female resident of the State of Wisconsin residing at 3321 Sandy Acres Drive, Plover, Wisconsin 54467.

13.     Plaintiffs' Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint (ECF No. 1).

14.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant operated multiple physical locations, or clinics, in the State of Wisconsin.

15.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs worked as hourly-paid, non-exempt employees in the positions of Medical Assistant (Cassandra Deisinger) and Podiatry Assistant (Jessica Deisinger) at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge in the State of Wisconsin.

16.    Plaintiffs bring this action on behalf of themselves and all other similarly-situated current and former hourly-paid, non-exempt employees who work at, worked at, and/or were employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1). Plaintiffs performed similar job duties as other current and former hourly-paid, non-exempt employees who work at, worked at, and/or were employed by Defendant at all of its locations, or clinics, in the State of Wisconsin.

17.    During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other current and former hourly-paid, non-exempt employees were subject to Defendant's same unlawful policies as enumerated herein.

18.    During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other current and former hourly-paid, non-exempt employees performed compensable work in similarly-titled positions at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge at all of Defendants locations, or clinics, in the State of Wisconsin.

19.    During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant supervised Plaintiffs' day-to-day activities and the day-to-day activities of all other hourly-paid, non-exempt employees.

20.    During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant hired, terminated, promoted, demoted, and suspended Plaintiffs and all other hourly-paid, non-exempt employees.

21.    During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant reviewed Plaintiffs' work performance and the work performance of all other hourly-paid, non-exempt employees.

22.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established the work rules, policies, and procedures by which Plaintiffs and all other hourly-paid, non-exempt employees abided in the workplace.

23.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant controlled the terms and conditions of Plaintiffs' employment and the employment of all other hourly-paid, non-exempt employees.

24.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established Plaintiffs' work schedule and the work schedules of all other hourly-paid, non-exempt employees.

25.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant provided Plaintiffs and all other hourly-paid, non-exempt employees with work assignments and hours of work.

26.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs' hours of work and the hours of work of all other hourly-paid, non-exempt employees were tracked and recorded by Defendant.

## GENERAL ALLEGATIONS

27.     On or about August 25, 2020, Defendant hired Plaintiff Cassandra Deisinger in the hourly-paid, non-exempt position of Medical Assistant working primarily at Defendant's Weston, Wisconsin location.

28.     Plaintiff Cassandra Deisinger is still currently employed by Defendant.

29.     On or about January 6, 2021, Defendant hired Plaintiff Jessica Deisinger in the hourly-paid, non-exempt position of Podiatry Assistant working primarily at Defendant's Weston, Wisconsin location.

30.     During Plaintiffs' employment with Defendant, Defendant also required and expected Plaintiffs (and all other hourly-paid, non-exempt employees) to travel between its locations, or clinics, during the workday on its behalf, with its knowledge, for its benefit, and/or at its direction in the further of the performance of their respective job duties.

31.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees were employed by Defendant in hourly-paid, non-exempt job positions and performed compensable work on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction at locations, or clinics, owned, operated, and managed by Defendant in the State of Wisconsin.

32.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained employment records and other documentation regarding Plaintiffs and all other hourly-paid, non-exempt employees.

33.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for tracking and/or recording hours worked by Plaintiffs and all other hourly-paid, non-exempt employees.

34.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for compensating Plaintiffs and all other hourly-paid, non-exempt employees for all remuneration earned.

35.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees worked in excess of forty (40) hours per workweek.

36.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant knew or had knowledge that Plaintiffs and all other hourly-paid, non-exempt employees worked in excess of forty (40) hours per workweek.

37.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant tracked and/or recorded Plaintiffs' and all other hourly-paid, non-exempt employees' hours worked each workweek.

38.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's workweek for FLSA and WWPCL purposes was Saturday through Friday.

39.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiffs and all other hourly-paid, non-exempt employees on a bi-weekly basis via paycheck.

40.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees were subject to Defendant's same unlawful employment policies in practice of failing to compensate all current and former hourly-paid, non-exempt employees for all hours worked and work performed each workweek, including at an overtime rate of pay, in violation of the FLSA and WWPCL.

41.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees used either handwritten timesheets or Defendant's electronic timekeeping system to record hours worked and work performed each work day.

42.    During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policy in practice was to alter Plaintiffs' weekly timesheets and the weekly timesheets of all other hourly-paid, non-exempt employees to reduce their actual hours worked each workweek – to their detriment and to the benefit of Defendant. For example, if Plaintiffs worked a total of forty-two (42) hours in any given workweek as reflected on their respective timesheets and/or otherwise with Defendant's knowledge, Louise Fowler, Office Manager, and/or Defendant's physicians would reduce Plaintiffs' and all other hourly-paid, non-exempt employees' total hours worked in this workweek to forty (40) in order to avoid having to pay said employees for hours worked in excess of forty (40) in a workweek, including at an overtime rate of pay.

43.    During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policy in practice was to simply not pay Plaintiffs and all other hourly-paid, non-exempt employees for any hours worked in excess of forty (40) in a workweek, including but not limited to at an overtime rate of pay.

44.    Often times during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant also failed to compensate Plaintiffs and all other hourly-paid, non-exempt employees for travel between its locations, or clinics, throughout the workday on its behalf, with its knowledge, for its benefit, and/or at its direction in the further of the performance of their respective job duties. For example, if Defendant directed or expected Plaintiffs or any other hourly-paid, non-exempt employees to travel between its Weston, Merrill, Marathon, Antigo, Woodruff, Wausau, Shawano, Mosinee, Stevens Point, and Waupaca locations throughout the work day in the further of the performance of their respective job duties, Defendant simply did not compensate Plaintiffs or any other hourly-paid, non-exempt employees

for this travel time, either at a regular rate of pay or at an overtime rate of pay – particularly if the travel time brought Plaintiffs' and all other hourly-paid, non-exempt employees' total hours worked in any given workweek to forty (40) or more hours.

45. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant failed to compensate Plaintiffs and all other hourly-paid, non-exempt employees for any and all hours worked or work performed each workweek, in violation of the WWPCL, and which also often resulted in Defendant's failure to compensate said employees' with overtime pay for hours worked or work performed in excess of forty (40) in a workweek, in violation of the FLSA and the WWPCL.

46. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) and during workweeks when no overtime was due, if any, Defendant suffered or permitted Plaintiffs and all other hourly-paid, non-exempt employees to work without being paid appropriate and lawful compensation for all hours worked and/or work performed at their regular hourly rate(s) of pay.

47. Defendant was or should have been aware that its policies in practice failed to compensate Plaintiffs and all other hourly-paid, non-exempt employees for all hours worked and/or work performed each workweek, including but not limited to at an overtime rate of pay.

48. On or about January 20, 2021, Plaintiff Jessica Deisinger verbally complained to Defendant that it was not properly and lawfully compensating her (and others) with overtime pay for hours worked in excess of forty (40) each workweek.

49. As of at least January 20, 2021, Defendant understood that Plaintiff Jessica Deisinger was making a verbal complaint and asserting her rights provided and protected by state and federal law.

50.     On or about January 25, 2021, Defendant terminated Plaintiff Jessica Deisinger's employment.

51.     On or about January 25, 2021, Defendant terminated Plaintiff Jessica Deisinger's employment because of her verbal complaint on January 20, 2021 about not properly and lawfully compensating her (and others) with overtime pay for hours worked in excess of forty (40) each workweek.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

52.     Plaintiffs bring this action on behalf of themselves and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> All hourly-paid, non-exempt employees employed by Defendant within three (3) years immediately prior to the filing of this Complaint, (ECF No. 1), who have not been compensated at an overtime rate of pay for all hours worked in excess of forty (40) hours in a workweek.

53.     Defendant, as a matter of policy and practice, did not compensate Plaintiffs and the FLSA Collective for any hours worked in excess of forty (40) in a workweek at the rate of one and one-half times their regular hourly rate of pay, in violation of the FLSA.

54.     The First Claim for Relief is brought under and maintained as opt-in Collective Actions pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiffs on behalf of the FLSA Collective.

55.     The FLSA Collective claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

56.     Plaintiffs and the FLSA Collective are similarly situated and were subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including

overtime compensation. The claims of Plaintiffs stated herein are the same as those of the FLSA Collective.

57.    Plaintiffs and the FLSA Collective seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to lawfully compensate employees for all overtime compensation owed, including but not limited to at the correct and proper overtime rate of pay.

58.    The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendant and through posting at Defendant's locations in areas where postings are normally made.

59.    Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the putative FLSA Collective.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

60.    Plaintiffs bring this action on behalf of themselves and all other similarly situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23.  The similarly situated employees include:

> All hourly-paid, non-exempt employees employed by Defendant within two (2) years immediately prior to the filing of this Complaint, (ECF No. 1), who have not been compensated at either a regular rate of pay for all hours worked in a workweek, or at an overtime rate of pay for all hours worked in excess of forty (40) hours in a workweek.

61.    The members of the Wisconsin Class are readily ascertainable. The number and identity of the members of the Wisconsin Class are determinable from the records of Defendant. The job titles, length of employment, and the rates of pay for each member of the Wisconsin

Class are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

62. The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over thirty (30) members of the Wisconsin Class.

63. Plaintiffs' claims are typical of those claims which could be alleged by any members of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions. All of the members of the Wisconsin Class were subject to the same corporate practices of Defendant, as alleged herein. Defendant's corporate-wide policies and practices affected all members of the Wisconsin Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Class. Plaintiffs and other members of the Wisconsin Class sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

64. Plaintiffs are able to fairly and adequately protect the interests of the Wisconsin Class and have no interests antagonistic to the Wisconsin Class. Plaintiffs are represented by counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

65. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against

corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Class to redress the wrongs done to them.

66.    Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

67.    Defendant has violated the WWPCL regarding payment of wages and overtime premium wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions

provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

68.     There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Class arising from Defendant's actions include, without limitation, the following: (1) Whether the work performed by Plaintiffs and the Wisconsin Class is compensable under federal law and/or Wisconsin law; (2) Whether Defendant engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiffs and the Wisconsin Class to perform work for Defendant's benefit without being properly compensated; (3) Whether Defendant failed to pay the Wisconsin Class for all work Defendant suffered or permitted them to perform; and (4) The nature and extent of class-wide injury and the measure of damages for the injury.

69.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

## FIRST CLAIM FOR RELIEF
### Violations of the FLSA – Unpaid Overtime Wages
### <u>Plaintiffs on behalf of themselves and the FLSA Collective</u>

70.    Plaintiffs, on behalf of themselves and the FLSA Collective, reassert and incorporate by reference all paragraphs set forth above as if restated herein.

71.    At all times material herein, Plaintiffs and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

72.    At all times material herein, Defendant was an employer of Plaintiffs and the FLSA Collective as provided under the FLSA.

73.    At all times material herein, Plaintiffs and the FLSA Collective were employees of Defendant as provided under the FLSA.

74.    Plaintiffs and the FLSA Collective were victims of uniform compensation policies and practices in violation of the FLSA.

75.    Defendant violated the FLSA by failing to account for and compensate Plaintiffs and the FLSA Collective for overtime premium pay for each hour they worked in excess of forty (40) hours each workweek.

76.    29 U.S.C. § 207(a)(1) regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

77.    Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

78.     Defendant's failure to properly compensate Plaintiffs and the FLSA Collective and failure to properly record all compensable work time was willfully perpetrated. Defendant has not acted in good faith and with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiffs and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

79.     As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiffs and the FLSA Collective for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

80.     Plaintiffs and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

81.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CLAIM FOR RELIEF
### Violation of the WWPCL – Unpaid Overtime Wages
### Plaintiffs on behalf of themselves and the Wisconsin Class

82.     Plaintiffs, on behalf of themselves and the Wisconsin Class, reassert and incorporate all previous paragraphs as if they were set forth herein.

83.     At all relevant times, Plaintiffs and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

84.     At all relevant times, Defendant was an employer of Plaintiffs and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

85.     At all relevant times, Defendant has employed, and continues to employ, Plaintiffs and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

86.     Throughout the Class Period, Plaintiffs and the Wisconsin Class regularly performed activities that were an integral and indispensable part of his or her (collectively, their) principal activities without receiving compensation for these activities.

87.     At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiffs and the Wisconsin Class overtime compensation.

88.     Defendant willfully failed to pay Plaintiffs and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of Wisconsin Wage Payment Laws.

89.     As set forth above, Plaintiffs and the members of the Wisconsin Class have sustained losses in their compensation as a proximate result of Defendant's violations.

Accordingly, Plaintiffs and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiffs and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

90.     Plaintiffs and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**THIRD CLAIM FOR RELIEF**
**Violation of the WWPCL – Unpaid Regular Wages**
**<u>Plaintiffs, on behalf of themselves and the Wisconsin Class</u>**

91.     Plaintiffs, on behalf of themselves and the Wisconsin Class, reassert and incorporate all previous paragraphs as if they were set forth herein.

92.     At all relevant times, Plaintiffs and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

93.     At all relevant times, Defendant was an employer of Plaintiffs and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

94.     At all relevant times, Defendant has employed, and continues to employ, Plaintiffs and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

95.     Throughout the Class Period, Plaintiffs and the Wisconsin Class regularly performed activities that were an integral and indispensable part of his or her (collectively, their) principal activities without receiving compensation for these activities.

96.    At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiffs and the Wisconsin Class overtime compensation.

97.    Defendant willfully failed to pay Plaintiffs and the Wisconsin Class compensation for all hours worked and worked performed in workweeks when no overtime was due, in violation of Wisconsin Wage Payment Laws.

98.    As set forth above, Plaintiffs and the members of the Wisconsin Class have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiffs and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiffs and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

99.    Plaintiffs and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**FOURTH CLAIM FOR RELIEF**
**Violation of the FLSA – Retaliation**
**Plaintiff Jessica Deisinger, individually**

100.    Plaintiff Jessica Deisinger reasserts and incorporates all previous paragraphs as if they were set forth herein.

101.    At all times material herein, Plaintiff Jessica Deisinger was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 et seq.

102.    Plaintiff Jessica Deisinger's verbal complaint to Defendant on January 20, 2021 about Defendant not properly and lawfully compensating her (and others) with overtime pay for hours worked in excess of forty (40) each workweek constituted "filing a complaint" within the meaning of the FLSA.

103.    Defendant understood Plaintiff Jessica Deisinger's verbal complaint to Defendant on January 20, 2021 about Defendant not properly and lawfully compensating her (and others) with overtime pay for hours worked in excess of forty (40) each workweek to be an assertion of her rights provided and protected by the FLSA.

104.    Defendant violated the FLSA, 29 U.S.C. § 215(a)(3), by terminating Plaintiff Jessica Deisinger's employment on January 25, 2021 because Plaintiff made a complaint against Defendant relating to its alleged violations of the FLSA on January 20, 2021.

105.    Defendant intentionally retaliated against Plaintiff Jessica Deisinger by terminating her employment for exercising her rights under the FLSA, 29 U.S.C. § 201 et seq.

106.    The FLSA, 29 U.S.C. § 216(b), makes an employer who violates 29 U.S.C. § 215(a)(3) liable for such legal or equitable relief as may be appropriate to effectuate the purposes of Section 215(a)(3), including without limitation: reinstatement, lost wages and other employment benefits, and an additional equal amount as liquidated damages.

107.    Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a)    At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly-paid, non-exempt employees who were employed by Defendant informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b)    At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c)    At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d)    Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e)    Issue an Order directing and requiring Defendant to pay Plaintiffs and all other similarly-situated hourly-paid, non-exempt employees damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f)    Issue an Order directing and requiring Defendant to pay Plaintiffs and all other similarly-situated hourly-paid, non-exempt employees damages in the form of reimbursement for unpaid regular wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the WWPCL;

g)    Issue an Order directing and requiring Defendant to pay Plaintiffs and all other similarly-situated hourly-paid, non-exempt employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

h) Issue an Order directing and requiring Defendant to pay Plaintiff Jessica Deisinger back pay, liquidated damages, and reimbursement for attorneys' fees and costs pursuant to the FLSA as a result of Defendant's retaliation and unlawful termination of Plaintiff Jessica Deisinger under the FLSA;

i) Issue an Order directing Defendant to reimburse Plaintiffs and all other similarly-situated hourly-paid, non-exempt employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

j) Provide Plaintiffs and all other similarly-situated hourly-paid, non-exempt employees with such other and further relief, as the Court deems just and equitable.

**PLAINTIFFS DEMAND A JURY AS TO ALL TRIABLE ISSUES**

Dated this 15th day of February, 2021

WALCHESKE & LUZI, LLC
Counsel for Plaintiffs

s/ ***Scott S. Luzi***_____
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com